O

# United States District Court
# Central District of California

TOP LINE APPAREL,

           Plaintiff,

   v.

ATEGRITY SPECIALTY INSURANCE COMPANY et al.,

           Defendants.

Case № 2:26-cv-02053-ODW (SPx)

**ORDER DENYING MOTION TO REMAND [11]**

## I.    INTRODUCTION

Plaintiff Top Line Apparel initiated this breach of insurance contract action in state court against Defendant Ategrity Specialty Insurance Company. (Notice Removal ("NOR") Ex. 1 ("Compl."), Dkt. No. 1.) Ategrity removed the action to this Court based on diversity jurisdiction. (NOR ¶ 2, Dkt. No. 1.) Top Line now moves to remand on the grounds that Ategrity lacks capacity to litigate in this Court by virtue of its "failure to register to do business in California." (Mot. Remand ("Motion" or "Mot.") 2, Dkt. No. 11.) For the reasons discussed below, the Court **DENIES** Top Line's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

Top Line, a clothing wholesaler, is a California limited liability company with its principal place of business in California.  (Compl. ¶¶ 1, 6.)  Ategrity, a nonadmitted insurer[2], is incorporated in Delaware with its principal place of business in Arizona.  (*Id.* ¶ 2; NOR ¶¶ 5–6.)

In January 2024, Top Line purchased insurance coverage for its warehouse from Ategrity.  (Compl. ¶¶ 7–9; NOR Ex. 3 ("Policy"), Dkt. No. 1.)  On April 6, 2024, a fire damaged Top Line's warehouse.  (Compl. ¶ 11.)  Top Line reported the loss and submitted a claim to Ategrity under the Policy.  (*Id.* ¶ 12.)  Ategrity denied coverage after investigating the claim.  (*Id.* ¶¶ 12–17.)

On January 16, 2026, Top Line filed this action against Ategrity in state court for breach of insurance contract and breach of the covenant of good faith and fair dealing.  (*Id.* ¶¶ 18–35.)  On February 26, 2026, Ategrity removed the action to this Court based on diversity jurisdiction.  (NOR ¶ 2.)  Top Line now moves to remand, asserting Ategrity lacks capacity to litigate in this Court by virtue of its "failure to register to do business in California."  (Mot. 1.)

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction authorized by the Constitution and federal statutes.  U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court.  Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizens (i.e.,

---

[2] Nonadmitted insurers have "no presence" in California but may issue policies to California residents in some circumstances. *Silvers v. Bd. of Equalization*, 188 Cal. App. 4th 1215, 1217–18 (2010) (citing Cal. Ins. Code §§ 1763, 1765.1).

diversity is "complete"), and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise.  *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  When a case is removed from state court, the removing party bears the burden of demonstrating that removal is proper.  *Corral v. Select Portfolio Servi*cing, Inc., 878 F.3d 770, 773 (9th Cir. 2017).  Removal is strictly construed, and any doubt as to removal is to be resolved in favor of remand.  *Id.* at 773–74.

## IV.   DISCUSSION

Top Line argues that Ategrity's removal was improper because it may not appear before California courts.  (Mot. 1.)  Ategrity argues that it has capacity to "pursue and defend" litigation in California courts because it is an "eligible surplus line insurer" under California Insurance Code section 1765.1.  (Opp'n 1, Dkt. No. 13.)

Surplus line insurers are a subset of nonadmitted insurers; they provide insurance needs that "cannot always be met through the admitted insurance market."  Cal. Ins. Code § 1780.50(a).  A nonadmitted insurer is an " surplus line insurer" if it (1) is licensed in its "domiciliary jurisdiction" to write the same type of insurance it is placing in California, and (2) maintains a minimum of $45 million in capital and surplus, unless excepted.  *Id.* § 1765.1(a).  Surplus line insurers "may be sued upon any cause of action arising in [California] under any surplus line insurance contract made by it."  *Id.* § 1772(a); *see also Tutor-Saliba Corp. v. Starr Excess Liability Ins. Co.*, No. 2:15-cv-01253-PSG (RZx), 2015 WL 13285089, at *5 (C.D Cal. Apr. 23, 2015) (finding that the plain language of section 1772(a) "effectively grants California courts jurisdiction over a surplus line insurer").

Ategrity has sufficiently proven it is an eligible surplus line insurer.  First, Ategrity provides evidence that it is licensed to write property insurance policies—such

3

as the one issued to Top Line—in Delaware, its state of incorporation and domicile. (Decl. Eric Crespolini ISO Opp'n ("Crespolini Decl.") ¶¶ 3–4, Dkt. No. 13-1; *see also* Decl. Rebekah Yanni ISO Opp'n ¶ 5, Dkt. No. 13-2.)   Second, Ategrity provides evidence that it maintains capital and a surplus in excess of $45 million.  (Crespolini Decl. ¶ 5.)  As it meets both requirements of Insurance Code section 1765.1(a), Ategrity has proven it is a surplus line insurer and is entitled to appear in California courts to defend lawsuits.  Cal. Ins. Code § 1772(a).

Instead of providing evidence to rebut Ategrity's showing, Top Line argues Ategrity is not an "approved non-admitted insurer" because it does not appear on the "List of Approved Surplus Line Insurers" ("LASLI") maintained by the California Department of Insurance ("CDI").  (Mot. 6; Reply 1.)  Setting aside that Top Line fails to support this argument with any legal authority, LASLI is an *optional* list of nonadmitted insurers.  *LASLI Carriers*, Cal. Dep't Ins., https://www.insurance.ca.gov/ 01-consumers/120-company/07-lasli/LASLI-CARRIERS.cfm  (last  visited  June 22, 2026).  It does not purport to list every surplus line insurer that meets the requirements of section 1765.1.

Top Line also argues Ategrity "lacks capacity to maintain an action in California" because Ategrity was "doing business" in California without registering as such. (Mot. 4–5.)  Specifically, Top Line asserts a corporation doing business in California must register to do business in California to maintain an action in California state courts. (*Id.* at 4 (citing *United Med. Mgmt. Ltd. v. Gatto*, 49 Cal. App. 4th 1732, 1740 (1996)).) However, Top Line's argument fails because "a surplus line insurer that directly places policies in California is . . . not doing business in California."  *Silvers*, 188 Cal. App. 4th at 1220–21 (citing Cal. Ins. Code § 1776).  As Ategrity placed the insurance policy at issue here while acting as an eligible surplus line insurer, Ategrity was not "doing business" in California and need not have registered to do business in California.

In conclusion, Ategrity has met its burden of demonstrating it is an eligible surplus line insurer and therefore has capacity to maintain an action in California, the

state in which this federal court sits.  Top Line has not demonstrated otherwise. Accordingly, the Court **DENIES** Top Line's Motion to Remand.

**V.    CONCLUSION**

For the reasons discussed above, the Court **DENIES** Top Line's Motion to Remand.  (Dkt. No. 11.)


**IT IS SO ORDERED.**


July 7, 2026

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**
